**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DWIGHT BURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-748-M |
| | ) | |
| YUNIESKY PAYNE-JIMENEZ, TLT | ) | |
| TRUCKING, INC., and TRAVELERS | ) | |
| PROPERTY & CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand and Brief in Support filed, August 1, 2012. Defendant TLT Trucking, Inc.'s response was filed on August 23, 2012. Plaintiff's reply was filed on August 29, 2012. Based upon the parties submissions the Court makes its determination.

I.   Introduction

On or about June 9, 2010 in Caddo County, Oklahoma defendant Yuniesky Payne-Jimenez and plaintiff were involved in an automobile accident. Plaintiff contends that at the time of said automobile accident defendant Yuniesky Payne-Jimenez was an agent, servant and/or employee of defendant TLT Trucking, Inc. Plaintiff contends as a result of this accident and defendants' negligence he sustained personal injuries. Plaintiff contends at the time of this accident, defendant Travelers Property & Casualty Insurance Company had a motorist coverage insurance policy providing coverage to plaintiff for his injuries.

On October 28, 2011, plaintiff filed a lawsuit in the District Court of Caddo County, State of Oklahoma seeking judgment against the defendants, Yuniesky Payne-Jimenez, TLT Trucking,

1

Inc., and Travelers Property & Casualty Insurance Company ("defendants") jointly and severely, in amounts in excess of Seventy-Five Thousand Dollars ($75,000.00) for actual damages, plus costs and interest and any other relief the court deemed just and reasonable. Summons were issued on October 28, 2011 with TLT Trucking, Inc.'s return of service dated January 14, 2012 and the Oklahoma Insurance Department's return of service dated January 17, 2012. On February 8, 2012, counsel of record, D Lynn Babb filed entry of appearance in the case as counsel for defendant Travelers Property & Casualty Insurance Company. Defendant TLT Trucking Inc. filed its Notice of Removal from the District Court of Caddo County, number CJ-2011-135 on July 2, 2012. Plaintiff now seeks remand based on defendant's untimely filed notice of removal.[1]

II.     Standard of Review

In order to timely remove a case,

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). However, § 1446(b)(3) provides, in pertinent part:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). "Under § 1446(b), the removal period does not begin until the defendant

---

[1] In light of the Court's ruling, plaintiff's request for remand based on defendant Travelers Property & Casualty Insurance Company's failure to join co-defendants will not be addressed in the Court's order.

is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotations omitted).

III.   Discussion

Plaintiff contends this lawsuit should be remanded to the District Court of Caddo County, Oklahoma, because defendant TLT Trucking Inc. did not timely remove the case from state court. Plaintiff contends TLT Trucking Inc. was served on January 14, 2012 and filed its Notice of Removal five months after it was served. Plaintiff contends TLT's notice of removal filed on July 2, 2012 was not timely under 28 U.S.C. § 1446(b), and therefore this matter should be remanded to the state court. Plaintiff also contends defendants were made aware of plaintiff's residency prior to the lawsuit even being filed by defendants receipt of the vehicle accident report. Defendant TLT Trucking, Inc. contends it was unable to ascertain plaintiff's residency from his petition filed in this matter. Defendant TLT contends that it was not until it contacted co-defendant, Travelers Property & Casualty Insurance Company and requested copies of discovery responses from plaintiff on June 1, 2012 was it made aware of plaintiff's residency, and thus, whether the case was one which is removable. TLT contends its July 2, 2012, Notice of Removal was therefore, filed timely.

IV.   Conclusion

Having carefully reviewed the parties' submissions, and pursuant to 28 U.S.C. § 1446(b), the Court finds defendant TLT Trucking, Inc.'s Notice of Removal untimely. Specifically, the Court finds TLT Trucking Inc.'s receipt of the vehicle accident report prior to the filing of this lawsuit and its subsequent return of service dated January 12, 2012 provided TLT Trucking, Inc. notice that this case is one which is or has become removable prior to June 1, 2012. Accordingly, for the reasons

set forth above, the Court GRANTS Plaintiff's Motion to Remand [docket no. 14] and REMANDS this matter to the District Court of Caddo County, State of Oklahoma.

**IT IS SO ORDERED this 4th day of October, 2012.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE